1 Naomi Sarega, Esq., SBN 306967
HIGBEE & ASSOCIATES
2 1504 Brookhollow Dr., Suite 112
3 Santa Ana, CA 92705
(714) 617-8349
4 (714) 597-6559 facsimile
5 Email: nsarega@higbeeassociates.com

6 *Attorney for Plaintiff,*
7 JOHN J. DURANT,

8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. DURANT,<br><br>Plaintiff,<br><br>v.<br><br>BASILE, INC. and DOES 1-5,<br><br>Defendant. | Case No. **'17CV145  LAB NLS**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John J. Durant, for his Complaint against Basile, Inc., Defendant, alleges as follows:

### INTRODUCTION

1. John J. Durant (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Basile, Inc. (hereinafter "Defendant") with regard to the unlawful use of copyrighted images (hereinafter "Images") owned by Plaintiff, and this conduct caused Plaintiff damages. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28

U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4. This Court has personal jurisdiction over Defendant because Defendant is a business entity incorporated in the State of California. And Defendant's acts of infringement complained of herein occurred in the State of California, and caused injury to Plaintiff in his intellectual property within the State of California.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant committed the acts of infringement, and has a regular and established places of business in this judicial district.

//

## PARTIES

6. Plaintiff is a natural person who resides in the City of San Diego, in the State of California, and is a professional photographer by trade.

7. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity incorporated in the State of California, residing in the city of San Diego, and conducted business in the city of San Diego, in the State of California.

9. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 5, inclusive (the "Doe Defendants"), are not known to Plaintiff who therefore sues said DOE Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants is legally responsible in some matter for the events and happenings herein referred to, and legally caused injuries and damages proximately thereby to Plaintiff as herein alleged.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant unlawfully distributed and gave permission to a third party to publish Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

//

//

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was an individual residing within the State of California.

12. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a business entity residing in the State of California and in this judicial district.

13. Plaintiff is a photographer in California, who through his business, creates and licenses photographic images for various uses. He photographs various commercial real estate and editorial assignments and sells or licenses them to people and companies seeking to make use of the photographs for advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

14. As a result of his experience and expertise, Plaintiff has become a sought-after architectural photographer, specializing in interior, exterior and aerial views of various architectural design elements. It is through Plaintiff's notable experience and artistry that his photographs are marketable and valuable, with considerable residual value, on which Plaintiff's business model is based.

15. Plaintiff took the Original Images; *see* Original Images attached hereto as "Exhibits A, B, C, D, E and F."

16. Plaintiff has ownership and copyright of the Images.

//

//

17. Plaintiff has registered the Images with the United States Copyright Office under Registration Numbers VAu 1-032-893, VAu 1-042-461, and VA 1-998-805.

18. Plaintiff entered into a Limited License Agreement with Defendant on February 5, 2011 for Defendant's sole use of Plaintiff's photos. *See* Limited License Agreement "Exhibit G."

19. Plaintiff's Limited License Agreement with Defendant did not give consent for Defendant to distribute, reproduce or give photograph to anyone other than Paul Basile and Basile Studio. The Limited License Agreement was non-assignable to any third party rights and all rights were limited to Plaintiff only.

18. On July 9, 2012, a third-party asked Defendant for permission to use Plaintiff's photographs without Plaintiff's consent. *See* "Exhibit H."

20. On July 9, 2012, Defendant willfully exceeded the scope of Plaintiff's license and gave the third-party permission to use Plaintiff's images without Plaintiff's consent. *See* "Exhibit I."

21. Plaintiff did not consent or authorize Defendant to give the third-party the right to reproduce or distribute any of Plaintiff's Images in any manner pursuant to 17 U.S.C. § 106.

22. Plaintiff did not consent or authorize Defendant to give third party the right to publish or use Plaintiff's Images in any manner pursuant to 17 U.S.C. § 106.

//

23. Plaintiff is informed and believes that Defendant willfully gave Plaintiff's copyrighted works to the third-party without his permission and that that third-party published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique works of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

24. Plaintiff is informed and believes that the third-party used the Images on its business website from July 9, 2012 to on or around April 8, 2015. *See* Screenshots of Defendant's Use attached hereto as "Exhibits J, K, L, M, N and O."

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT
## Title 17 of the United States Code

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

27. Plaintiff is informed and believes and thereon alleges that Defendant willfully infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, distributed, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

28. As a result of each and every Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

29. As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

30. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

//

//

//

//

//

//

//

//

//

//

//

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Awarding Plaintiff statutory damages for each timely registered image in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- Awarding Plaintiff actual damages for the amount according to Plaintiff's licensing fees associated with the infringed Images;

- Awarding Plaintiff with Defendant's profits attributed to the use of the Image;

- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.

Dated: January 25, 2017          Respectfully submitted,

/s/ **Naomi Sarega**
Naomi Sarega, Esq.
Cal. Bar No. 306967
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

Case 3:17-cv-00145-LAB-NLS   Document 1   Filed 01/25/17   PageID.9   Page 9 of 9

# DEMAND FOR JURY TRIAL

Plaintiff, John J. Durant, hereby demands a trial by jury in the above matter.

Dated: January 25, 2017                    Respectfully submitted,

**/s/ Naomi Sarega**
Naomi Sarega, Esq.
Cal. Bar No. 306967
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

COMPLAINT FOR DAMAGES            9